NOT DESIGNATED FOR PUBLICATION

**STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT**

**24-483**

**KEIA PATTON OBO OF HER MINOR CHILD
ZYRIA FREDRICK, ET AL.**

**VERSUS**

**EUNICE SOUTHEAST COMMUNITY CENTER,
CITY OF EUNICE AND XYZ INSURANCE COMPANY**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 18-C-5523-B
HONORABLE JAMES P. DOHERTY JR., DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**CANDYCE G. PERRET
JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Van H. Kyzar, Candyce G. Perret, and Gary J. Ortego, Judges.

**AFFIRMED.**

**Pride J. Doran**
**Quincy L. Cawthorne**
**Adrejia L.A. Boutté**
**Errin S. Green**
**Treslyn E. Davenport**
**Doran & Cawthorn, P.L.L.C.**
**Post Office Box 2119**
**Opelousas, LA   70571**
**(337) 948-8008**
**COUNSEL FOR PLAINTIFFS/APPELLANTS:**
**Keia Patton, on behalf of Zyria Fredrick**
**Jalia Williams, on behalf of Azlyn Williams**
**Anetra Pickney, on behalf of Tyrie Fredrick**

**Joy C. Rabalais**
**Jordan John Henagan**
**Grant R. Schexnailder**
**K. Elizabeth Heinen**
**Hunter B. Ahia (40251)**
**Borne, Wilkes & Rabalais, L.L.C.**
**200 West Congress Street, Suite 1000**
**Lafayette, LA   70502**
**(337) 232-1604**
**COUNSEL FOR DEFENDANT/APPELLEE:**
**The City of Eunice**

**PERRET, Judge.**

Plaintiffs, Keia Patton, on behalf of her minor child, Zyria Fredrick, Jalia Williams, on behalf of her minor child, Azlyn Williams, and Anitra Pickney, on behalf of the decedent, Tyrie Fredrick (collectively, "the Plaintiffs"), appeal a trial court judgment that granted summary judgment in favor of Defendant, the City of Eunice. For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY:**

On December 23, 2017, Tyrie Fredrick attended a Christmas concert at the Eunice Southeast Community Center, located at 101 City Avenue, Eunice, Louisiana. At that time, Mr. Fredrick engaged in a fight with another attendee at the event and was shot. Mr. Fredrick subsequently died from his injuries.

On December 19, 2018, the Plaintiffs filed a petition for damages, naming the following defendants: Eunice Southeast Community Center;[1] the City of Eunice; XYZ Insurance Company, and John Doe, the unknown person who rented the facility for the Christmas concert. According to the record, the City of Eunice rented the Eunice Southeast Community Center to Ms. Tnychi Hill for a "surprise party" to be held on the evening of December 22, 2017, until 2:00 a.m. on December 23, 2017. The contract for rental of the city-owned building required Ms. Hill to hire two security officers for the party.

On November 2, 2023, the City of Eunice filed a motion for summary judgment, arguing that there are no genuine issues as to material fact and that it is entitled to a judgment as a matter of law. In support of its motion, the City of Eunice attached the following exhibits: (1) Exhibit A, the contract for rental of the city-

---

[1] On March 13, 2019, the Plaintiffs dismissed all claims, with prejudice, against the Eunice Southeast Community Center.

owned business; (2) Exhibit B, the Plaintiffs' petition for damages; and (3) Exhibit C, the City of Eunice's answer and third-party demand. Also on this date, the City of Eunice filed peremptory exceptions of no cause of action and no right of action.

On November 3, 2023, the trial court ordered a hearing on the motion for summary judgment as well as the peremptory exceptions of no cause of action and no right of action to be held on January 8, 2024.

On January 2, 2024, the Plaintiffs filed an opposition to the City of Eunice's exceptions of no cause of action and no right of action requesting that the court allow them time to amend their petition to address any defects. In response to the peremptory exception of no right of action, the Plaintiffs allege that they "did not have conclusive evidence of paternity at the time of filing of the Petition for Damages" and requested a "reasonable time period in which to establish paternity in order to decipher the proper party who has the right of action on behalf of the decedent, Tyrie Frederick."

On January 5, 2024, the Plaintiffs filed a motion to continue the January 8, 2024 hearing on the motion for summary judgment. Also on that date, the Plaintiffs filed an opposition to the motion for summary judgment, arguing that there are genuine issues of material fact as to: (1) "whether Plaintiffs have sufficiently alleged Defendant's negligent acts and/or omissions, and the causal relationship to damages and claims asserted in this matter"; (2) "whether Ms. Hill's execution of the 'Contract for Rental of City-Owned Buildings' absolved Defendant of liability for Plaintiffs' tragedy suffered at its facility on December 23, 2017"; and (3) "whether Defendant owed a duty to Plaintiffs." The Plaintiffs also argued that "[t]here is a genuine issue of material fact as to Defendant's liability for negligence related to Plaintiffs' tragedy suffered at its facility, on December 23, 2017." In support of their

opposition, the Plaintiffs attached one exhibit, which was the City of Eunice's responses to the Plaintiffs' interrogatories and request for production of documents.

On January 5, 2024, the City of Eunice faxed to the trial court an opposition to the Plaintiffs' motion to continue the January 8, 2024 hearing on its motion for summary judgment, stating that it wanted "to preserve its filings and not take any action which may later be deemed to constitute a waiver of the Exceptions and Motion filed." Additionally, the City of Eunice alleged that the Plaintiffs "have failed to provide sufficient good grounds to move the January 8, 2024 hearing date." The City of Eunice also filed this opposition with the trial court on January 17, 2024.

On January 9, 2024, the trial court ordered "that the January 8, 2024 hearing date be set aside and rescheduled for January 22, 2024[.]"

On January 19, 2024, the Plaintiffs filed a motion for leave to file a first supplemental and amending petition for damages, which was denied as moot in a per curiam, signed on January 22, 2024. Specifically, the per curiam found that "the Plaintiff[s'] opposition to Defendant's Motion for Summary Judgment was untimely and after review of the dates of filing and the Louisiana Supreme Court's ruling in *Auricchio v Harriston*, 332 So.3d 660 (La. 2021), was unable to consider the opposition." Additionally, the trial court "found that due to Defendants[] showing that Plaintiff had failed to allege sufficient facts regarding the foreseeability of a breach of any duty owed by the defendant-mover, Summary Judgment should be granted." At the hearing on the motions, the trial court orally ruled, as follows:

> THE COURT: All right. Thank you very much. In connection with the Exceptions and the Motion for Summary Judgment before me, I would be inclined to grant, certainly the Exception of No Right of Action, because -- and I'm dealing with the original petition, which is all that's before me, because there are absolutely no factual pleadings as to the connection to these parties or what gives any of the plaintiffs a right to have brought whatever

3

action, or whatever has been pled in this particular case. I'd also grant the motion -- I would grant the Exception of the No Cause of Action in this case, because I believe that the pleading is deficient, insufficient facts to maintain or to provide a cause of action. I think there are some summary and some conclusionary statements contained in the petition that do not rise to the level of the type of factual pleadings we require in Louisiana; however, when we come to the Motion for Summary Judgment, it's my ruling that the plaintiffs were untimely in filing their opposition as required by the provisions of Article 966 in the Article of the Code of Civil Procedure 966(B) in this matter, and I cannot, therefore consider any of the filing by the plaintiffs in Opposition to the Motion for Summary Judgment. Based strictly on the pleadings, it is my finding that there are insufficient facts in this particular case in order to maintain this cause of action. What the court notes in this particular matter, is that in connection with these type of cases, and I had pulled several cases in connection with this matter, including ironically, casinos, where patrons were injured; and basically what the law says in connection with that is, "A business proprietor's duty to the patrons includes, must refrain from conduct likely to cause injury to a guest. They must maintain the premises free from unreasonable risk of harm or harm patrons of known dangers." It comes down to that the proprietor does -- is not the insurer or their guest. In particularly, what's interesting in these cases is, is that plaintiffs in these particular cases that I looked at, concerning the casino cases, they were actually customers. They were actually invited guests of the proprietor. In this particular case, where one's removed from who the proprietor is, the proprietor is the City of Eunice, and actually the host of the event was Ms. Hill, who was the lessee of the property. So, you know, it takes -- it removes the duty, even a further step in these other cases. It also says, "It's a matter of foreseeability. You know, the proprietor only has a duty to protect its patrons from criminal acts that are reasonably foreseeable." There was nothing contained in the petition that was before me that there was a foreseeable possibility, likelihood, or there was no facts at all saying that it was foreseeable for the City of Eunice, as the lessor of this building, could see that this criminal act could have, would have, or should have taken place, so there's no foreseeability that has been pled or shown. Therefore, based upon the reasoning the court is going to grant the Motion for Summary Judgment, which, in fact, moots the No Cause of Action and No Right of Actions Exceptions.

Thereafter, the trial court denied, as moot, the motion and order to amend the Plaintiffs' petition. A written judgment granting the City of Eunice's motion for summary judgment and dismissing the Plaintiffs' claims was signed on February 8,

2024. On February 20, 2024, the Plaintiffs filed a motion for a new trial, which the trial court denied. In denying the motion for a new trial, the trial judge stated, in pertinent part (emphasis added):

In connection with this matter, the court recognizes the case that was cited by the mover on the Motion for New Trial in this matter; however, the court is of the opinion that the filing of the motion, the filing of the opposition definitely was after the December 26 deadline for the filing of the opposition. The court also notes that the filing for the Motion for Continuance [was] also done on January 5th, which was the Friday before the Monday on which this was held. *The court is of the opinion that the filing of the Motion for Continuance was not based on good cause that would have interrupted, or not interrupted, but which would have reinstated the time for the filing of any opposition, and therefore, the court is going to deny the request for a new trial in this matter.*

The Plaintiffs now appeal, alleging the following four assignments of error:

1. The trial court erred when it ruled that Patton and Pickney's January 5, 2024 *Plaintiff's Opposition to Defendant's Motion for Summary Judgment* was untimely filed.

2. The trial court erred in finding that *Auricchio v. Harriston*, 2020-01167 (La. 10/10/21); 332 So.3d 660 is factually similar and consequently, relying upon it as a basis for finding Patton and Pickney's January 5, 2024 *Plaintiff's Opposition to Defendant's Motion for Summary Judgment*, as untimely filed.

3. The trial court erred in granting the City of Eunice's *Motion for Summary Judgment.*

4. The trial court erred in denying Patton and Pickney's *Motion for New Trial.*

**STANDARD OF REVIEW:**

The summary judgment procedure is expressly favored in the law and "is designed to secure the just, speedy, and inexpensive determination of every action[.]" La.Code Civ.P. art. 966(A)(2). Appellate courts review summary judgments de novo under the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. *Duncan v. U.S.A.A. Ins. Co.*, 06-363, (La. 11/29/06), 950 So.2d 544. After an adequate opportunity for discovery, "summary

5

judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La.Code Civ.P. art. 966(A)(3).

The burden of proof on a motion for summary judgment rests with the mover. La.Code Civ.P. art. 966(D)(1). As further stated in La.Code Civ.P. art. 966(D)(1):

> [I]f the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law.

Thus, the party opposing summary judgment must produce competent evidence setting "forth specific facts showing that there is a genuine issue for trial[;]" he cannot rely "on the mere allegations or denials of his pleading[.]" La.Code Civ.P. art. 967(B). "We note that, even when no opposition is filed to a motion for summary judgment, the court must still determine whether the movant has met its burden of proof on the motion." *Rangel v. Vega-Ortiz*, 16-146, p. 3 (La.App. 3 Cir. 9/28/16), 200 So.3d 1013, 1016.

**DISCUSSION:**

In their first two assignments of error, the Plaintiffs assert the trial judge erred in ruling that their opposition, filed on January 5, 2024, was untimely despite the original January 8, 2024 hearing date being reset to January 22, 2024. In response, the City of Eunice argues that because the hearing on its motion for summary judgment "was not continued with the consent of all parties, the deadline to file an opposition did not 'reset[,]' despite the continuance of the hearing date."

Louisiana Code of Civil Procedure Article 966(B)(2) provides that any "opposition to the motion and all documents in support of the opposition shall be filed and served . . . not less than fifteen days prior to the hearing on the motion." In *Auricchio v. Harriston*, 20-1167, p. 1 (La. 10/10/21), 332 So.3d 660, 660, the supreme court granted the writ "to resolve a split between the courts of appeal relative to the interpretation of Louisiana Code of Civil Procedure article 966(B)(2)." It held that, "in the absence of consent by the parties, a trial court has no discretion to extend that article's fifteen-day deadline for filing an opposition." *Id.* Although the trial court in *Auricchio* did not continue the hearing on the summary judgment, it did recognize that a trial court could have continued the summary judgment hearing for good cause under the provisions of La.Code Civ.P. art. 966(C)(2). However, the supreme court subsequently clarified this holding in *Auricchio* in the case of *Mahe v. LCMC Health Holdings LLC*, 23-25, p. 2 (La. 3/14/23), 357 So.3d 322, 322, explaining that "[a] continuance under [La.Code Civ.P.] art. 966(C)(2) cannot serve as a pretext to circumvent the deadlines set forth in [La.Code Civ.P.] art. 966(B)(2)." Specifically, the court found that because plaintiff "failed to move for a continuance prior to the expiration of the fifteen-day deadline[,]" plaintiff's excuse that her expert was out of town did not constitute good cause. *Id.* at 322.

The supreme court addressed this issue again in *Hadwin v. ABC Insurance Co.*, 24-72 (La. 4/9/24), 382 So.3d 827. In *Hadwin*, the plaintiff sued the defendants for legal malpractice. The defendants filed a motion for summary judgment or, alternatively, an exception of no right of action. After the opposition deadline expired, the plaintiff moved to continue the summary judgment hearing, arguing that (1) "good cause existed for the continuance because the notice of hearing, forwarded by the judge's assistant, requested copies of pleadings be delivered to the judge eight

7

days before the hearing, which caused the confusion with the deadline[,]" (2) "the title of the pleading, styled as a motion for summary judgment or alternatively, exception of no cause of action, caused confusion[,]" and (3) that "his expert was unavailable to sign an affidavit until July 10, 2023." *Id.* at 828. The trial court granted the continuance, and the defendants sought supervisory review of the ruling, which this court denied. The supreme court granted writs and reversed the lower courts upon finding that "plaintiff did not move for a continuance until five days after the fifteen-day opposition deadline expired." *Id.* at 829. Although plaintiff alleged confusion because of the trial court's request for copies of pleadings to be delivered to him eight days before the hearing, the supreme court found that plaintiff "fail[ed] to show any reason why this language would supersede the mandatory deadlines set forth in La. Code Civ. P. art. 966(B)(2), nor [did] he indicate he made any effort to clarify any alleged conflict prior to expiration of the deadline." *Id.* Finding that the plaintiff had not demonstrated good cause for a continuance, the supreme court remanded the matter to the trial court to rule on the motion "without consideration of plaintiff's untimely-filed opposition." *Id.* at 830.

In this case, the Plaintiffs' opposition to the motion for summary judgment was due on December 26, 2023, which was fifteen days before the January 8, 2024 hearing. The request for a continuance of the hearing and the opposition to the motion for summary judgment was filed on January 5, 2024, after the expiration of the fifteen-day deadline. According to the record, on January 5, 2024, the City of Eunice faxed to the trial court an opposition to the Plaintiffs' motion to continue the January 8, 2024 hearing on its motion for summary judgment, stating that it wanted "to preserve its filings and not take any action which may later be deemed to constitute a waiver of the Exceptions and Motion filed." The City of Eunice also

alleged that the Plaintiffs "have failed to provide sufficient good grounds to move the January 8, 2024 hearing date." The City of Eunice also filed the opposition with the trial court on January 17, 2024.

Based on the jurisprudence and the "clear and unambiguous language of Article 966(B)(2) [, which] says that, absent the consent of the parties and the court, an opposition *shall* be filed within the fifteen-day deadline established by the article[,]" we find the trial court correctly ruled that the opposition to the motion for summary judgment was untimely. *Auricchio*, 332 So.3d at 663.

In their third assignment of error, the Plaintiffs allege the trial court erred in granting the City of Eunice's motion for summary judgment because there are genuine issues of material fact. Specifically, the Plaintiffs allege that there are genuine issues of material fact as to as to "whether [the Plaintiffs] have sufficiently alleged a causal relationship between the City of Eunice's negligence . . . with their damages and claims asserted" and "whether the rental contract is sufficient evidence to absolve the City of Eunice of any duty owed to [the Plaintiffs] and ultimately, liability for negligence which contributed to the death of Tyrie Frederick[.]"

A motion for summary judgment, even if unopposed, requires the trial court to determine that there are no genuine issues of material fact, and that the mover is entitled to judgment as a matter of law. *Crockerham v. La. Med. Mut. Ins. Co.*, 17-1590 (La.App. 1 Cir. 6/21/18), 255 So.3d 604. Because the City of Eunice does not bear the burden of proof at trial, its only burden is "to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense." La.Code Civ.P. art. 966(D)(1).

In Louisiana, negligence cases are resolved by employing a duty/risk analysis. *Farrell v. Circle K Stores, Inc.*, 22-00849 (La. 3/17/23), 359 So.3d 467. For liability

9

to attach under this analysis, a plaintiff must prove the following five separate elements:

> (1) the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of duty element); and, (5) proof of actual damages (the damages element).

*Id.* at 473. "A negative answer to any of the inquiries of the duty-risk analysis results in a determination of no liability." *Lemann v. Essen Lane Daiquiris, Inc.*, 05-1095. P. 7 (La. 3/10/06), 923 So.2d 627, 633.

In this case, the City of Eunice's motion for summary judgment pointed out that the Plaintiffs lacked factual evidence to establish the essential element of a breach of duty on its part. The City of Eunice asserts that it "owed no duty to the decedent, Tyrie Fredrick, to protect him against the unforeseeable criminal acts of third parties by arbitrarily providing additional security and/or safety measures[,]" and that it "owed no duty to provide a safe environment to its lessee's invitees under the rental contract executed between the City and Ms. Tnychi Hill, the event organizer." In support of its motion, the City of Eunice attached the contract for rental of the city-owned business, the Plaintiffs' petition for damages, and its answer and third-party demand.

In its January 22, 2024 per curiam, the trial court acknowledged that although it "was unable to consider the [untimely] opposition", it found that "due to Defendants' [sic] showing that Plaintiff had failed to allege sufficient facts regarding the foreseeability of a breach of any duty owed by the defendant-mover, Summary Judgment should be granted." We agree. In our de novo review, we find the record devoid of any evidence to create a genuine issue of fact as to whether there was a

10

vice or defect in the property that rendered it unsafe for its intended purpose, or that the City of Eunice had actual or constructive knowledge of any imminent harm or specific potential for danger that would give rise to a duty to protect Mr. Fredrick from the unforeseeable and unanticipated criminal acts of a third person. We agree with the trial judge that the Plaintiffs failed to raise genuine issue of material fact to defeat the summary judgment.

In their fourth assignment of error, the Plaintiffs allege the trial court erred in denying their motion for new trial because the judgment rendered on the motion for summary judgment is contrary to the law. Specifically, the Plaintiffs argue, again, that their opposition was timely because the hearing was continued from January 8 until January 22, 2024, and that the trial court erred in finding no good cause for granting the continuance and in ruling that the opposition was untimely.

Louisiana Code of Civil Procedure Articles 1972 and 1973 provide the basis for the granting of a new trial and state, as follows:

**Art. 1972. Peremptory grounds**

A new trial shall be granted, upon contradictory motion of any party, in the following cases:

(1) When the verdict or judgment appears clearly contrary to the law and the evidence.

(2) When the party has discovered, since the trial, evidence important to the cause, which he could not, with due diligence, have obtained before or during the trial.

(3) When the jury was bribed or has behaved improperly so that impartial justice has not been done.

**Art. 1973. Discretionary grounds**

A new trial may be granted in any case if there is good ground therefor, except as otherwise provided by law.

11

"The trial court's discretion in ruling on a motion for new trial is great, and we will not disturb its decision on appeal, absent an abuse of that discretion." *Arceneaux v. De La Rosa*, 04-1057, p. 4 (La.App. 3 Cir. 12/8/04), 889 So.2d 383, 387, *writ denied*, 05-80 (La. 3/18/05), 896 So.2d 1009.

As previously stated, the City of Eunice objected to the motion for a continuance and the trial court did not find "good cause" for the Plaintiffs' request to continue the January 8, 2024 hearing. Under *Auricchio* and its progeny, the trial court correctly ruled that the opposition was untimely, as it was filed beyond the fifteen-day deadline provided in La.Code Civ.P. art. 966 (B)(2). Accordingly, we find no abuse of discretion by the trial court in denying the Plaintiffs' motion for a new trial.

Accordingly, we find the trial court correctly determined that it could not consider the Plaintiffs' opposition, which was filed beyond the fifteen-day deadline. Further, because the Plaintiffs have failed to produce factual support to demonstrate a genuine issue of material fact regarding the City of Eunice's duty in this case, we hereby affirm the trial court's judgment granting the motion for summary judgment. All costs of this appeal are assessed to the Plaintiffs.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2–16.3.

12